IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW URBAN and<br>VAN WARNER,<br><br>      Plaintiffs,<br><br> v.<br><br>DELI MANAGEMENT, INC.,<br>d/b/a JASON'S DELI,<br><br>      Defendant. | Case No. 3:21-CV-00209 |

**JOINT MOTION FOR STIPULATED JUDGMENT
APPROVING SETTLEMENT AGREEMENT AND
OFFER OF JUDGMENT**

      Plaintiffs Matthew Urban and Van Warner (hereinafter "Plaintiffs") and Defendant Deli Management, Inc., d/b/a Jason's Deli ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment 1) Approving the Offer of Judgment accepted by Plaintiff Urban and 2) the Settlement Agreement entered into by Plaintiff Warner and Defendant. In support of their joint motion, the Parties state as follows:

      **I.    STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

      Plaintiffs worked for Defendant at company-owned restaurant locations within this district as an Assistant Manager 3A or 2A ("AM 3A" and "AM 2A"), below the in-store management levels of Assistant Manager 1A and General Manager. (Doc. 1, ¶ 5-6). Plaintiff Urban worked as an Assistant Manager 2A/3A position for 67 compensable weeks from February 13, 2016 through August 29, 2017, and Plaintiff Warner worked as an Assistant

1

Manager 2A/3A positions for 42 compensable weeks from March 12, 2016 through April 15, 2017.

Plaintiffs initially filed their unpaid overtime claims against Defendant as opt-in Plaintiffs in <u>Florence v. Deli Management, Inc., d/b/a Jason's Deli</u> (No. 1:18- cv-04303-SCJ) (N.D. Ga) ("<u>Florence</u>"). Plaintiff Urban opted-into that action on February 13, 2019. (<u>See</u> <u>Florence</u> [Doc. 41-1], at 6). Plaintiff Warner opted-into that action on March 12, 2019. (<u>See</u> <u>Florence</u> [Doc. 47-1], at 2).

The named and opt-in plaintiffs in <u>Florence</u> obtained discovery from Defendant regarding its policies and practices, including extensive document production and conducting a Rule 30(b)(6) deposition of Defendant's designated representatives. On March 8, 2021, the Court in <u>Florence</u> granted Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs, with tolling through March 28, 2021. Plaintiffs then refiled their claims raised in the Florence action in this Court on May 4, 2021, seeking to recover alleged unpaid minimum wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., alleging that they were misclassified as exempt from the FLSA's overtime pay requirements. (Doc. 1).

## II. THE AGREEMENTS

On December 30, 2021, Defendant served Plaintiffs with Offers of Judgment ("Offers") pursuant to Federal Rule of Civil Procedure 68. The gross total of those Offers included any and all damages sought by Plaintiffs in this matter, including but not limited to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

On January 5, 2022, Plaintiffs' Counsel notified Defendant that Plaintiff Warner rejected Defendant's Offer. On January 10, 2022, Plaintiffs' Counsel notified Defendant that Plaintiff Urban accepted Defendant's Offer. On January 21, 2022, Plaintiff Urban filed his Notice of Acceptance of Defendant's Offer with this Court. (Doc. 23).

After additional discovery regarding Plaintiff Warner's claims, including written discovery, two depositions and a hearing before the Magistrate Judge, on February 7, 2022, Plaintiff Warner and Defendant verbally entered into a Settlement Agreement to resolve Plaintiff Warner's claims.

On March 15, 2022 the Parties filed a Joint Notice of Settlement with the Court stating that they were in the process of entering into a Settlement Agreement. (Doc. 27). The Court directed the Parties to file an Agreement for Entry of Judgment or a Stipulation of Dismissal within 30 days. Id.

On March 22, 2022, the Parties fully executed this Settlement Agreement. See Exhibit 1, Settlement Agreement.

The Parties now request this Court's entry of an entry of judgment approving the Parties' agreements.

### III. ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the

approval of the Court or the Secretary of Labor).[1] Because the Parties' agreements were not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving [them]." Id.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. Lynn's Food, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

Here, the agreements are limited in scope and do not impose any type of confidentiality, non-disparagement, non-rehire, or any other provision that has given courts pause in approving FLSA agreements. See, e.g., Morris v. Cumberland Cty. Hosp. Sys., No. 5:12-CV-629-F, 2013 U.S. Dist. LEXIS 165063, at *13 (E.D.N.C. Nov. 13, 2013) (denying motion to file FLSA settlement agreement under seal, citing authorities refusing to approve FLSA settlement agreement that included confidentiality provisions because it "undermines the purposes of the" FLSA); Boyd v. Jax, LLC, No. 3:16-cv-00118-FDW-DSC, 2016 U.S. Dist. LEXIS 59299, at *3 n.2 (W.D.N.C. May 4, 2016) (noting "parties sought to have certain terms of the settlement agreement remain confidential but the Court found that this was not warranted.").

---

[1] With respect to Plaintiff Urban's acceptance of the Offer of Judgment, "although the United States Court of Appeals for the Fourth Circuit has not addressed this issue, courts in this circuit evaluate accepted offers of judgment in FLSA cases as if they were proposed settlements." Moshan-Martinez v. Francisco Valadez Jr. LLC, No. 5:20-CV-205-FL, 2021 WL 6200164, at *2 (E.D.N.C. May 17, 2021); See also, Johnson v. Heartland Dental, LLC, No. CV PJM 16-2154, 2017 WL 2266768, at *1 (D. Md. May 23, 2017) ("The Court, in accord with other judges in the District of Maryland, evaluates accepted offers of judgment in FLSA cases as if they were proposed settlements.").

### a. APPROVAL OF PAYMENT TO PLAINTIFFS

"There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." Chrismon v. Pizza, No. 5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873, at *9 (E.D.N.C. July 7, 2020). The endorsement of a proposed FLSA settlement by both parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side is experienced in this type of litigation." In re Dollar Stores FLSA Litigation, No. 5:09-MD-1500, 2011 WL 3841652, at *3 (E.D.N.C. Aug. 23, 2011).

Throughout this litigation in both actions, Defendant has taken the position that Plaintiffs were properly classified as exempt under the executive and administrative exemptions when they worked as AM 2A/3As, but even if held to be non-exempt, Defendant challenges Plaintiffs' estimated hours worked, asserts that Plaintiffs could not establish a "willful" violation in order to add a third year to their maximum possible recovery period, and contends that even if Plaintiffs prevailed, any unpaid damages would have to be calculated by its proposed half-time method (dividing salary by all hours worked, with overtime premiums owed then calculated at only half of that regular rate) based on its contention that Plaintiffs' salaries were intended to compensate them for all hours worked each week. Obviously, this misclassification case presented the risk that the Court might rule that Plaintiffs were exempt from the overtime laws, based on arguments by Defendant similar to (but disputed as to their applicability here by Plaintiffs) those that resulted in a finding that an employee was exempt under the FLSA's administrative exemption.[2]

---

[2] See Buechler v. DavCo Restaurants, Inc., 2009 WL 3833999 (D. Md. Nov. 16, 2009) (granting defendant's summary judgment finding that food restaurant assistant manager was properly classified as exempt).

On the other hand, as an example of Plaintiffs' additional litigation risks in this action, it has long been established that the burden is on the plaintiff to prove willfulness. Garcia v. Frog Island Seafood, Inc., 644 F. Supp. 2d 696, 715 (E.D.N.C. 2009) ("Because Plaintiffs cannot establish that Defendants' violation was willful in nature, the two-year statute of limitations applies to this action."). Thus, if this Court issued the same ruling on this issue in this case, Plaintiff Urban's recovery would be substantially reduced and Plaintiff Warner's recovery would be completely barred as a majority of Plaintiff Urban's and all of Plaintiff Warner's claims arose within the third year of the limitations period that would only be available to them if they were to prove that a FLSA violation was willful.

Throughout this process, Plaintiffs have maintained diametrically opposing positions to Defendant's contentions on these litigation issues. Plaintiffs have consistently asserted that they were misclassified as AMs working for Defendant, because, *inter alia*, they claim they spent the majority of their time performing the same manual tasks as hourly employees, that this work was their primary duty, and they lacked the requisite managerial authority. Moreover, they routinely worked more than 40 hours per week but were not paid overtime. See, e.g., Morgan v. Family Dollar Stores, 551 F.3d 1233 (11th Cir. 2008) (affirming jury verdict finding retail Store Managers who spent up to 90% of their working time on non-exempt-type duties were willfully misclassified as exempt, extending recovery period to third year for willful violation). The Parties' agreements therefore resolve bona fide disputes over potential liability and available damages.

6

Case 3:21-cv-00209-FDW-DCK    Document 28    Filed 04/14/22    Page 6 of 14

### i. APPROVAL OF PLAINTIFF URBAN'S ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT

By accepting this Offer, Plaintiff Urban will be paid a similar per eligible workweek that the named plaintiff in the decertified <u>Florence</u> action was paid per eligible third year workweek in the FLSA settlement that was previously approved by a Georgia district court, when adjusted to weight valuation of Florence's third year-only workweeks at approximately one-half the settlement value of her default two-year limitations period workweeks in order to account for greater risk of non-recovery for weeks dependent on Plaintiff's success in proving both a FLSA violation and that it was willful. (<u>See</u> <u>Florence</u> Order [Doc. 134] and Stipulated Judgment [Doc. 135]).

According to the Offer of Judgment that was offered to Plaintiff Urban by Defendant, Plaintiff Urban accepted $13,666.22 for 67 work weeks, which consisted of:

a. The sum of $3,583.11 shall be paid to Urban for any unpaid wages during the recovery period (Doc. 23, p. 5);

b. The sum of $3,583.11 shall be paid to Urban for any claim for liquidated damages (Doc. 23, p. 5); and

c. The sum of $6,500 shall be paid to Urban for reasonable attorneys' fees and costs incurred in connection with his claim made in Florence in this lawsuit (Doc. 23, p. 5).

Plaintiff Urban in this re-filed action received similar weekly salaries and alleged working overtime hours with the same frequency as the named plaintiff in the <u>Florence</u> action. Plaintiff Urban's recovery under this Offer falls well within the range of reasonable recoveries for FLSA settlement approval. <u>See</u>, e.g., <u>Hood v. Uber Techs., Inc.</u>, No. 1:16-CV-998, 2019 U.S. Dist. LEXIS 670, at *18 (M.D.N.C. Jan. 3, 2019) (approving driver independent contractor FLSA misclassification settlement as reasonable where opt-in plaintiffs' net settlement payments were

21.76% of projected maximum damages ceiling); see generally Dillworth v. Case Farms Processing, Inc., No. 5:08-CV-1694, 2010 U.S. Dist. LEXIS 20446 at *8 (N.D. Ohio Mar. 8, 2010) (opining that recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average).

Further, other opt-in plaintiffs to the original Florence matter have had their acceptance of an offer of judgment approved. For example, in Nicholas Fulton and Katherine Harris-Lovoy v. Deli Management, Inc. (No.: 2:21-cv-00635), the District Court for the Northern District of Alabama approved the offers of judgment providing plaintiffs 75% of their total claimed unpaid overtime and liquidated damages. (See Fulton [Doc. 18]).

Here, the Parties have taken the same approach as they did in the preceding matters, and this shows that Plaintiff Urban's Offer is a fair and reasonable resolution of the Parties' bona fide disputes. Plaintiff Urban will receive approximately 75% of his overtime back wages for the maximum three-year limitations period, doubled for full 100% liquidated damages on the back wages amount paid, that would be due for an average 10 overtime hours worked for the full (non-leave) eligible weeks worked, as calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages calculation method.

Here, the damage calculations comprise a reasonable compromise over the issues Plaintiff Urban alleged in both the Florence case and this litigation.

### ii. APPROVAL OF PLAINTIFF WARNER'S SETTLEMENT AGREEMENT

Per Plaintiff Warner's Settlement Agreement, Plaintiff Warner too will be paid a similar per eligible third year workweek that the named plaintiff in the decertified Florence action was

8

Case 3:21-cv-00209-FDW-DCK   Document 28   Filed 04/14/22   Page 8 of 14

paid per eligible third year workweek in the FLSA settlement that was previously approved by a Georgia district court. (See Florence Order [Doc. 134] and Stipulated Judgment [Doc. 135]).

Plaintiff Warner received similar weekly salaries and alleged working overtime hours slightly above the named plaintiff in the Florence action and Plaintiff Urban in this case.[3] Plaintiff Warner's recovery under this Settlement Agreement thus falls well within the range of reasonable recoveries for FLSA settlement approval the Parties addressed above.

Further, other opt-in plaintiffs to the original Florence matter have had their settlement agreements approved. For example, in Ashley Godshalk and Peter Hershaft v. Deli Management, Inc. (No.: 5:21-cv-143), the District Court for the Eastern District of North Carolina approved a settlement agreement providing plaintiffs an average of 77% of their total claimed unpaid overtime and liquidated damages. (See Godshalk [Doc. 21]). In Brock Hammons v. Deli Management, Inc. (No.: 21-cv-01677), the District Court for the Northern District of Illinois approved a settlement agreement providing plaintiff 69% of his total claimed unpaid overtime and liquidated damages. (See Hammons [Doc. 28]). Finally, in Hattiana Johnson v. Deli Management, Inc. (No.: 1:21-cv-01258-MHC), the District Court for the Northern District of Georgia approved a settlement agreement providing plaintiff 71% of her total claimed unpaid overtime and liquidated damages. (See Johnson [Doc. 19]).

Here, the Parties have taken a similar approach as they did in the preceding matters, and this shows that Plaintiff Warner's Settlement Agreement is a fair and reasonable resolution of the Parties' bona fide disputes. Plaintiff Warner will receive approximately 83% of his overtime

---

[3] Here, Plaintiff Warner alleged he worked 52-55 hours per week, creating an overtime range of 12-15 hours per week. When calculating Plaintiff Warner's potential recovery under the terms of the executed Settlement Agreement, Defendant calculated the recovery using an average of 13 overtime hours per week.

back wages for the maximum three-year limitations period, doubled for full 100% liquidated damages on the back wages amount paid, that would be due for an average 13 overtime hours worked for the full (non-leave) eligible weeks worked, as calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages calculation method.

Here, the damage calculations comprise a reasonable compromise over the issues Plaintiff Warner alleged in both the Florence case and this litigation.

### b. APPROVAL OF PAYMENT OF FEES AND COSTS

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). Here, the Parties specifically agreed upon the amount to be paid to Plaintiffs' counsel.

The total amount paid to Plaintiffs' counsel – $6,500 under the Offer of Judgment accepted by Plaintiff Urban and $10,000 under the Settlement Agreement entered into by Plaintiff Warner and Defendant (or $16,500 in total) – is in full compromise for all work done in this matter and in Florence. Plaintiffs' claims were intensely litigated, vigorously defended, and hotly disputed throughout three years of adversarial litigation before the Parties reached this agreement. Both Plaintiffs individually agreed as to the reasonableness of these numbers. Further, the reasonableness of Plaintiffs' individual net recovery from their respective settlements demonstrates that Plaintiffs' net recoveries were not adversely affected by the
10

amount paid for fees and costs incurred on Plaintiffs' individual claims throughout over three years of disputed litigation.[4]

Moreover, Defendant has contractually agreed to, and does not oppose the amount (or reasonableness of the amount) of, the attorneys' fees, costs and expenses to be paid to Plaintiffs' counsel. See Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005). (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, … accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). Again, the amount paid for attorneys' fees, costs, and expenses is also reasonable because Plaintiffs' claims were intensely litigated, vigorously defended, and hotly disputed throughout over three years of litigating Plaintiffs' claims in two federal court actions before the parties resolved their individual claims here. See, e.g., Myers v. Loomis Armored US, LLC, No. 3:18-cv-00532-FDW-DSC, 2020 U.S. Dist. LEXIS 62941, at *12 (W.D.N.C. Apr. 8, 2020) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of a settlement.") (citing Lynn's Food Stores, 679 F.2d at 1353-54).

Here, the Court is not being asked to decide for the Parties the amount of attorneys' fees or costs. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. Dail, 391 F. Supp. 2d at 1147.

---

[4] For Plaintiff Urban, it is approximately 75% of maximum possible overtime wages for an average 10 overtime hours per full week, doubled for 100% liquidated damages, if applying Defendant's proposed (but disputed) half-time calculation method. For Plaintiff Warner, it is approximately 83% of maximum possible overtime wages for an average 13 overtime hours per full week, doubled for 100% liquidated damages, if applying Defendant's proposed (but disputed) half-time calculation method.

Finally, because the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel under these agreements constitute a reduction from the lodestar amount of attorneys' fees incurred and litigation costs advanced in litigating Plaintiffs' individual claims in Florence and subsequently in this refiled action, the amount to be paid for attorneys' fees and costs is reasonable. See, e.g., Blackmon v. Cohen, No. 1:17CV890, 2020 U.S. Dist. LEXIS 2715, at *8 (M.D.N.C. Jan. 8, 2020) (approving FLSA settlement, holding especially where counsel had agreed to accept 41% less than lodestar as fees from settlement, court can find attorney's fees payment reasonable without requiring survey and opinion evidence regarding reasonableness of hourly fees). Here, the Parties agree as to the fairness of these agreements and ask that the Court approve.

## IV. CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter an order approving the Parties' agreements and entering Judgment in favor of Plaintiffs in the amounts stated in the respective agreements.

Respectfully submitted this 14th day of April, 2022.

12

Case 3:21-cv-00209-FDW-DCK   Document 28   Filed 04/14/22   Page 12 of 14

*/s/ Christopher Timmel*
Seth Lesser*
Christopher Timmel*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
E-mail: seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Ste 325
Charlotte, NC 28277
T: (704) 612-0038
F: (704) 612-0038
E-mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

*/s/ Christopher Bentley*
Kevin D. Johnson*
Christopher M. Bentley*
Meaghan K. Maus*
**JOHNSON JACKSON PLLC**
100 N. Tampa St., Suite 2310
Tampa, FL 33602
T: (813) 580-8400
F: (813) 580-8407
E-mail: kjohnson@johnsonjackson.com
cbentley@johnsonjackson.com
mmaus@johnsonjackson.com

Jared D. Gardner, NCSB #28275
**GARDNER SKELTON PLLC**
505 East Boulevard
Charlotte, NC 28203
T: (704) 335-0350
F: (704) 390-7027
E-mail: jared@gardnerskelton.com

*Attorneys for Defendant*
*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Christopher M. Bentley*

Christopher M. Bentley
